IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMARO BROWNLEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-774-NJR |
| ) | |
| ) | |
| DYLAN YATES, ) | |
| C/O KENNEDY, ) | |
| and CHIEF ADMINISTRATIVE OFFICER ) | |
| DIXON SPRINGS BOOT CAMP ) | |
| DETENTION CENTER, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Demaro Brownlee is an inmate of the Illinois Department of Corrections who is currently incarcerated at Shawnee Correctional Center ("Shawnee"). He brings this action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations which occurred while he was an inmate at the Dixon Springs Boot Camp Detention Center ("Dixon Springs"). In the Complaint, Plaintiff alleges the defendants used excessive force against him in violation of the Eighth Amendment. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Plaintiff makes the following allegations: While an inmate at Dixon Springs on December 20, 2018, Plaintiff and other inmates were ordered to run to chairs for haircuts. (Doc. 1, p. 6). Dylan Yates and Corrections Officer ("C/O") Kennedy were waiting when Plaintiff approached the chair,

and Kennedy instructed Plaintiff to "sink like a stone" in the chair. Once in the chair, Yates pulled Plaintiff out of his chair by the shirt collar and told an inmate standing nearby to leave as he would not want to see what followed. (*Id.*). Yates then struck Plaintiff with a forehand slap so hard that Plaintiff almost lost consciousness. Yates hit Plaintiff again with a backhand slap causing ringing in Plaintiff's ears. Both Yates and Kennedy began yelling insults and conflicting commands that Plaintiff did not understand. (*Id.*). Plaintiff continued to respond "yes sir" to their commands. Yates then threw Plaintiff back into the chair. During the course of the assault by Yates and Kennedy, both defendants yelled insults of a sexual nature at Plaintiff. (*Id.* at p. 7).

After Plaintiff was thrown back into the chair, Yates asked him if his "stupid bitch ass understood 'sink like a stone'"? (Doc. 1, p. 7). Plaintiff did not respond, and Kennedy grabbed Plaintiff by the shirt collar in a choking grip and pulled him back out of the chair. Kennedy pushed Plaintiff into a stall and continued to choke Plaintiff. He continued to threaten violence and yell insults of a sexual nature. (*Id.*).

After the assault, the defendants completed Plaintiff's haircut and forced him to pick up his cut hair from the floor. (Doc. 1, p. 7). While Plaintiff picked up the hair, both defendants kicked the hair around making Plaintiff's attempts to gather the hair more difficult. They also continued to make sexualized insults and threatened Plaintiff with future assaults. (*Id.*).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate a single count in this *pro se* action:

> **Count 1:** **Dylan Yates and C/O Kennedy used excessive force against Plaintiff on December 20, 2018 in violation of the Eighth Amendment.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not**

addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1]

## Preliminary Dismissals

Although Plaintiff identifies the Warden/Chief Administrative Officer of Dixon Springs in the caption of his Complaint, he fails to allege any constitutional violation by the Warden/Chief Administrative Officer in the body of his Complaint. Instead, he indicates he has added the Warden/Chief Administrative Officer in order to identify C/O Kennedy's full name. As the Complaint lacks any allegations against the Warden/Chief Administrative Officer and he is not needed to effectuate service on Kennedy, he is **DISMISSED without prejudice**.

## Count 1

Plaintiff adequately alleges a claim for excessive force against Dylan Yates and C/O Kennedy. The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). Plaintiff adequately alleges that Defendants Yates and Kennedy assaulted him by slapping and choking him during the course of his haircut. Accordingly, Count 1 shall proceed against Yates and Kennedy.

## Pending Motions

In his Motion for Counsel (Doc. 3), Plaintiff indicates that he has sent letters to several attorneys but has not received any responses. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

counsel ... cannot be gauged.").[2] Further, the Court notes that the defendants have not yet been served nor has a discovery schedule been entered. Thus, counsel is not needed at this early stage. Therefore, Plaintiff's Motion for Counsel (Doc. 3) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

**Disposition**

For the reasons set forth above, Count 1 shall proceed against Dylan Yates and C/O Kennedy. The Warden/Chief Administrative Officer is **DISMISSED without prejudice**, and the Clerk is **DIRECTED** to **TERMINATE** him from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

The Clerk of Court shall prepare for Defendants Dylan Yates and C/O Kennedy: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, the defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 9/17/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**