UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMARO BROWNLEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-cv-774-GCS |
| | ) |
| DYLAN YATES, and | ) |
| SHAWN KANADY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On July 17, 2019, Plaintiff Demaro Brownlee filed suit alleging that Defendants Dylan Yates and Shawn Kanady used excessive force against him on December 20, 2018, while he was incarcerated at Dixon Springs Boot Camp Detention Center. Defendants filed a motion for summary judgment on the issue of exhaustion of administrative remedies on January 10, 2020. (Doc. 20). The Court previously warned Brownlee that the failure to respond to a motion for summary judgment on the issue of exhaustion may result in an order granting any such motion. (Doc. 15). Nevertheless, the deadline for Brownlee's response passed, and he did not file a response to Defendants' motion. For the reasons delineated below, the Court grants Defendants' motion for summary judgment.

### FACTUAL BACKGROUND

Pursuant to Local Rule 7.1(c), the failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion.

Nonetheless, a brief recitation of the facts is of assistance in demonstrating that the exercise of that discretion is appropriate here.

At all times relevant to his complaint, Plaintiff Demaro Brownlee was incarcerated at Dixon Springs Boot Camp Detention Center, and Defendants Dylan Yates and Shawn Kanady worked as correctional officers at the facility. Brownlee alleges that Yates and Kanady used excessive force against him on December 20, 2018, when they pulled him out of a chair and slapped him so hard that he almost lost consciousness.

Defendants aver, and the record reflects, that Brownlee filed two grievances related to the use of force in December 2018. The first was filed in April 2019 and the second in June 2019. No grievances, related to the use of force or otherwise, were filed by Brownlee between December 2018 and March 2019.

## LEGAL STANDARDS

Summary judgment is "proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." *Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010). Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. §1997e(a). That statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. (emphasis added).

Generally, the Court's role on summary judgment is not to evaluate the weight of the evidence, to judge witness credibility or to determine the truth of the matter. Instead, the Court is to determine whether a genuine issue of triable fact exists. *See Nat'l Athletic Sportwear Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008). In *Pavey*, however, the Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. *Pavey v. Conley*, 544 F.3d 739, 740-741 (7th Cir. 2008).

The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *See, e.g., Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)(noting that "[t]his circuit has taken a strict compliance approach to exhaustion"). Exhaustion must occur before the suit is filed. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending. *Id.* Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005). Consequently, if a prisoner fails to use a prison's grievance process properly, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809.

In *Pavey*, the Seventh Circuit set forth procedures for a court to follow in a situation where failure to exhaust administrative remedies is raised as an affirmative defense. The Seventh Circuit stated the following:

> (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative

remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Pavey*, 544 F.3d at 742.

As an inmate confined within the Illinois Department of Corrections, Plaintiff was required to follow the regulations contained in the Illinois Department of Correction's Grievance Procedures for Offenders ("grievance procedures") to exhaust his claims properly. *See* 20 ILL. ADMIN. CODE §504.800, *et seq*. The grievance procedures first require inmates to file their grievance with the counselor within 60 days of the discovery of an incident. *See* 20 ILL. ADMIN. CODE §504.810(a). The grievance form must:

> contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE §504.810(c). Grievances that are unable to be resolved through routine channels are then sent to the grievance officer. *See* 20 ILL. ADMIN. CODE §504.820(a). The grievance officer will review the grievance and provide a written

response to the inmate. *See* 20 ILL. ADMIN. CODE §504.830(a). "The Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer within two months after receipt of the grievance, when reasonably feasible under the circumstances." 20 ILL. ADMIN. CODE §504.830(e). "The Chief Administrative Officer shall review the findings and recommendation and advise the offender of his or her decision in writing." *Id.*

If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board. *See* 20 ILL. ADMIN. CODE §504.850(a). The grievance procedures specifically state, "[i]f, after receiving the response of the Chief Administrative Officer, the offender still believes that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director. The appeal must be received by the Administrative Review Board within 30 days after the date of the decision." 20 ILL. ADMIN. CODE §504.850(a). The inmate shall attach copies of the Grievance Officer's report and the Chief Administrative Officer's decision to his appeal. *Id.* "The Administrative Review Board shall submit to the Director a written report of its findings and recommendations." 20 ILL. ADMIN. CODE §504.850(d). "The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within six months after receipt of the appealed grievance, when reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision." 20 ILL. ADMIN. CODE §504.850(e).

The grievance procedures also allow an inmate to file an emergency grievance. *See* 20 ILL. ADMIN. CODE §504.840. In order to file an emergency grievance, the inmate must forward the grievance directly to the Chief Administrative Officer ("CAO") who may "[determine that] there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender [such that] the grievance [should] be handled on an emergency basis." 20 ILL. ADMIN. CODE §504.840(a). If the CAO determines the grievance should be handled on an emergency basis, then the CAO "shall expedite processing of the grievance and respond to the offender indicating what action shall be or has been taken." 20 ILL. ADMIN. CODE §504.840(b). If the CAO determines the grievances "should not be handled on an emergency basis, the offender shall be notified in writing that he or she may resubmit the grievance as non-emergent, in accordance with the standard grievance process." 20 ILL. ADMIN. CODE §504.840(c). When an inmate appeals a grievance deemed by the CAO to be an emergency, "the Administrative Review Board shall expedite processing of the grievance." 20 ILL. ADMIN. CODE §504.850(f).

## ANALYSIS

Based on the record before the Court, it is appropriate to exercise discretion and deem Brownlee's failure to respond to Defendants' motion for summary judgment an admission of the merits of the motion. The conduct giving rise to Brownlee's complaint occurred on December 20, 2018. In order to exhaust his administrative remedies, Brownlee was required to file a grievance related to the conduct on or before February 18, 2019, but he did not file his first relevant grievance until April 2019. He filed no grievances between December 2018 and March 2019. As a result, there is no evidence in

the record to suggest that Brownlee exhausted his administrative remedies in a timely manner prior to filing suit in July 2019.

## CONCLUSION

For the above-stated reasons, the Court **GRANTS** Defendants' motion for summary judgment (Doc. 20). This action is dismissed without prejudice in its entirety due to Plaintiff Demaro Brownlee's failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

Dated: February 25, 2020.

Digitally signed by Magistrate Judge Gilbert C. Sison
Date: 2020.02.25 09:42:54 -06'00'

GILBERT C. SISON
United States Magistrate Judge